# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>Plaintiff,<br><br>v.<br><br>**Xilinx, Inc.,**<br><br>Defendant. | C.A. No. 20-1229-CFC |

## OPENING BRIEF IN SUPPORT OF DEFENDANT XILINX, INC.'S PARTIAL MOTION TO DISMISS

Dated: November 9, 2020

OF COUNSEL:
Hilda C. Galvan
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515

David B. Cochran
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

Thomas W. Ritchie
JONES DAY
77 West Wacker Dr.
Chicago, IL 60601-1692

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Beth A. Swadley (No. 6331)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
bswadley@ycst.com

# TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ..................................... 1

II. SUMMARY OF THE ARGUMENT .......................................................... 2

III. STATEMENT OF FACTS ........................................................................... 3

IV. ARGUMENT ................................................................................................ 3

    A. WSOU's Induced Infringement Claim Should Be Dismissed ............. 4

        1. WSOU Fails To Allege Facts Supporting A Plausible Inference Of Pre-Suit Knowledge ............................................... 4

        2. WSOU Fails To Allege Facts Supporting A Plausible Inference Of A Specific Intent To Encourage Another's Infringement ................................................................................ 5

    B. WSOU's Contributory Infringement Claim Should Be Dismissed ................................................................................................ 7

        1. WSOU Fails To Allege Facts Supporting A Plausible Inference Of Pre-Suit Knowledge ............................................... 7

        2. WSOU Fails To Allege Facts Supporting A Plausible Inference That Xilinx "Knew The Part Was Made For, Or Adapted To Use, In A Patented Invention." ......................... 8

V. CONCLUSION ............................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Circuit City Stores v. Citgo Petroleum Corp.*,
   C.A. No. 92-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) ............................2

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) ........................................................................................7

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) ..........................................................................5

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
   C.A. No. 19-1239-CFC, 2020 WL 4365809
   (D. Del. July 30, 2020) .............................................................................1, 4, 5, 8

*Gortat v. Capala Bros.*,
   257 F.R.D. 353 (E.D.N.Y. 2009) ........................................................................1

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
   434 F. Supp. 2d 598 (N.D. Iowa 2006) ..............................................................2

*IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*,
   C.A. No. 16-134-GMS, 2017 WL 1312942 (D. Del. Apr. 5, 2017) ...................6

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017) ..........................................................................4

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
   C.A. No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19,
   2014) ..................................................................................................................6

*Nexeon Ltd. v. Eaglepicher Techs., LLC*,
   C.A. No. 15-955-RGA-MPT, 2016 WL 4045474 (D. Del. July 26,
   2016) ..................................................................................................................7

*Princeton Digital Image Corp. v. Ubisoft Entm't SA*,
   C.A. No. 13-335-LPS-CJB, 2016 WL 6594076 (D. Del. Nov. 4,
   2016) ................................................................................................................4

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

In its Complaint, WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") accuses Xilinx, Inc. ("Xilinx") of direct and indirect infringement of U.S. Patent No. 7,068,950 ("the '950 Patent").  WSOU has simultaneously filed five separate lawsuits against Xilinx, with each lawsuit alleging infringement of a single patent.[1]

In an effort to streamline this litigation, Xilinx requested that WSOU amend its Complaint to withdraw its indirect infringement claims in view of this Court's recent opinion in *Dynamic Data Technologies., LLC v. Amlogic Holdings Ltd.*, No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020).  WSOU refused.  Thus, Xilinx has filed this motion, seeking to dismiss WSOU's claims for induced and contributory infringement for failure to state a claim upon which relief can be granted.[2]

---

[1] In addition to the five cases filed against Xilinx in Delaware, WSOU has 115 patent cases pending against a wide range of defendants, including 110 cases in the Western District of Texas and five cases in the Eastern District of Virginia.

[2] Delaware practice is consistent with the majority view that a motion to dismiss that addresses part of a complaint suspends the time for a defendant to answer or otherwise respond to the remaining allegations in the complaint.  *See, e.g.*, Fed. R. Civ. P. 12(a)(4)(A); *Deere & Co. v. AGCO Corp.*, C.A. No. 18-00827-CFC (partial motion to dismiss filed at D.I. 11, answer filed at D.I. 62 after order on motion at D.I. 52); *see also Gortat v. Capala Bros.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009) ("[F]iling a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion.  If the opposite rule controlled and partial motions to dismiss did not suspend a party's obligation to reply to additional claims, the result would be 'a procedural thicket' of piecemeal answers

## II.     SUMMARY OF THE ARGUMENT

WSOU's Complaint does not support a plausible inference of knowledge of any alleged infringement, or even any knowledge of the existence of the '950 Patent. Indeed, WSOU fails to plead sufficient facts from which to plausibly infer that Xilinx knew (i) that the '950 Patent existed before the Complaint, (ii) that any allegedly infringing acts occurred, or (iii) that a third party's acts infringed the '950 Patent.

WSOU's reliance on the service of its Complaint to constitute actual knowledge of infringement is misplaced. (D.I. 1, ¶13.)  Further, WSOU's reference to product literature available on Xilinx's website does not support an inference of a specific intent to encourage another's infringement nor does it support an inference that Xilinx knew that its products would have infringed the '950 Patent when used by third parties. These defects are fatal to WSOU's claims for induced and contributory infringement. Thus, pursuant to Rule 12(b)(6), the claims of induced infringement and contributory infringement should be dismissed for failure to state a claim upon which relief can be granted.

---

that would poorly serve judicial economy." (internal citations omitted)); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006) ("[A] motion pursuant to Rule 12(b), even one that challenges less than all of the claims asserted in the complaint or other pleading, extends the time to answer as to all claims in the pleading."); *Circuit City Stores v. Citgo Petroleum Corp.*, No. 92-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994) ("A partial 12(b) motion enlarges the time to file an answer.").

### III.  STATEMENT OF FACTS

WSOU's allegations regarding knowledge are premised on a single assertion that "[t]he service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here." (D.I. 1, ¶13.). This allegation of post-suit knowledge is the basis for WSOU's claims for induced infringement and contributory infringement.

WSOU does not allege that Xilinx had any knowledge of the '950 Patent or any knowledge of alleged infringement by Xilinx or its customers prior to the filing of this lawsuit. (*See* D.I. 1, ¶¶13–17).

WSOU merely asserts that, despite the alleged knowledge acquired solely from service of the Complaint, "Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '950 Patent" and to "distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '950 Patent." (D.I. 1, ¶14.).

### IV.  ARGUMENT

Pursuant to Rule 12(b)(6), the Complaint's allegations of induced infringement and contributory infringement should be dismissed because WSOU fails to plead sufficient facts to state a claim for relief on these grounds.

### A.     WSOU's Induced Infringement Claim Should Be Dismissed

The Complaint fails to state a claim for induced infringement because it fails to sufficiently allege (1) that Xilinx knew that the '950 Patent existed or that any allegedly infringing acts had occurred, or (2) specific intent to encourage infringement, both of which are required to state this claim.  *Princeton Digital Image Corp. v. Ubisoft Entm't SA*, C.A. No. 13-335-LPS-CJB, 2016 WL 6594076, at *3–4 (D. Del. Nov. 4, 2016).  "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement."  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotation marks, alterations, and citation omitted).

### 1.     WSOU Fails To Allege Facts Supporting A Plausible Inference Of Pre-Suit Knowledge

WSOU's induced infringement claim fails because it does not plead facts to plausibly infer that Xilinx knew that the '950 Patent existed or that any allegedly infringing acts had occurred.  WSOU "has not stated a claim for induced infringement because it has not plausibly alleged that [Xilinx] knew that its products infringed the asserted patents."  *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020).

WSOU alleges only that "[t]he service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here." (D.I. 1 ¶13.) "But such allegations do not plead knowledge of infringement because the complaint itself cannot serve as the basis for a defendant's actionable knowledge. 'The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.'" *Dynamic Data Techs., LLC*, 2020 WL 4365809, at *2 (quoting *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019)).

As this Court plainly stated, "the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement." *Id.* Accordingly, WSOU's induced infringement claim should be dismissed.

### 2. WSOU Fails To Allege Facts Supporting A Plausible Inference Of A Specific Intent To Encourage Another's Infringement

WSOU also fails to plead sufficient facts alleging the specific intent required for inducement. "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

WSOU merely alleges that Xilinx induced infringement "by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '950 Patent." (D.I. 1 ¶15.)

WSOU also states that Xilinx "distribute[s] product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '950 Patent." (D.I. ¶¶14-16.) These boilerplate allegations fail to allege specific facts regarding how the dissemination of such written materials supports an inference of a specific intent to encourage another's infringement. Simply pointing to product literature is not sufficient to support a claim of induced infringement. *See IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*, C.A. No. 16-134-GMS, 2017 WL 1312942, at *4 (D. Del. Apr. 5, 2017) ("[Plaintiff] failed to adequately allege how [Defendant] provided technical support services or detailed instructions promoting the use of the [accused products] in an infringing manner."); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, C.A. No. 13-2052-LPS, 2014 WL 4675316, at *6 (D. Del. Sept. 19, 2014) ("[A]bsent sufficient factual allegations as to how the Accused Products are said to infringe the patents-in-suit, assertions that a defendant provided unspecified 'training and instructions to [its] customers concerning the use of the Accused Products' are not specific enough to allege the requisite encouragement. In such a circumstance, this type of allegation simply begs the question: 'Provided 'training and instructions' as to what?'").

There are *no* plausible allegations that Xilinx's product sales and distribution of product literature encouraged anyone to infringe the '950 Patent. WSOU's

induced infringement claim should be dismissed for the additional reason that the Complaint does not plead sufficient facts to plausibly infer that Xilinx possessed a specific intent to encourage infringement of the '950 Patent.

### B.  WSOU's Contributory Infringement Claim Should Be Dismissed

WSOU's contributory infringement claim should be dismissed because the Complaint fails to sufficiently allege that Xilinx: (1) knew of the '950 Patent, or (2) knew that the part was especially made for, or adapted for use in, a manner allegedly infringing the patent, both of which must be well-plead to state this claim.  *Nexeon Ltd. v. Eaglepicher Techs., LLC*, C.A. No. 15-955-RGA-MPT, 2016 WL 4045474, at *4 (D. Del. July 26, 2016).  Because WSOU fails to plead facts sufficient to draw a reasonable inference of contributory infringement, WSOU's claim should be dismissed.

#### 1.  WSOU Fails To Allege Facts Supporting A Plausible Inference Of Pre-Suit Knowledge

"Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).  Here, there are *no* factual allegations that Xilinx "knew of the patented invention." *Nexeon*, 2016 WL 4045474, at *4.

### 2. WSOU Fails To Allege Facts Supporting A Plausible Inference That Xilinx "Knew The Part Was Made For, Or Adapted To Use, In A Patented Invention."

WSOU also fails to allege facts plausibly supporting an inference that Xilinx "knew the part was made for, or adapted to use, in a patented invention." *Id.*, at *7. And as discussed above, "the complaint itself cannot serve as the basis for a defendant's actionable knowledge." *Dynamic Data Techs*, 2020 WL 4365809 at *2.

Because there are insufficient facts to draw a reasonable inference of contributory infringement, WSOU's claim should be dismissed.

## V. CONCLUSION

For the reasons explained above, Xilinx respectfully requests that the Court dismiss WSOU's claims for induced infringement and contributory infringement.

| | |
|---|---|
| November 9, 2020 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| OF COUNSEL: | |
| Hilda C. Galvan | */s/ Anne Shea Gaza* |
| JONES DAY | Anne Shea Gaza (No. 4093) |
| 2727 North Harwood Street | Robert M. Vrana (No. 5666) |
| Dallas, TX 75201-1515 | Beth A. Swadley (No. 6331) |
| | Rodney Square |
| David B. Cochran | 1000 North King Street |
| JONES DAY | Wilmington, DE 19801 |
| 901 Lakeside Avenue | (302) 571-6600 |
| Cleveland, Ohio 44114-1190 | agaza@ycst.com |
| | rvrana@ycst.com |
| Thomas W. Ritchie | bswadley@ycst.com |
| JONES DAY | |
| 77 West Wacker Dr. | *Attorneys for Xilinx, Inc.* |
| Chicago, IL  60601-1692 | |

## **CERTIFICATE OF SERVICE**

I, Anne Shea Gaza, hereby certify that on November 9, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>James M. Lennon, Esquire
>Devlin Law Firm LLC
>1526 Gilpin Avenue
>Wilmington, DE 19806
>*jlennon@devlinlawfirm.com*
>
>*Attorneys for Plaintiff*

I further certify that on November 9, 2020, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel, and on the following:

>Isaac Rabicoff, Esquire
>Rabicoff Law Firm LLC
>5680 King Centre Drive, Suite 645
>Alexandria, VA 22315
>*isaac@rabilaw.com*
>
>*Attorneys for Plaintiff*

27308804.1

|  |  |
|---|---|
| Dated:  November 9, 2020 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Anne Shea Gaza*<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>Beth A. Swadley (No. 6331)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>*agaza@ycst.com*<br>*rvrana@ycst.com*<br>*bswadley@ycst.com*<br><br>*Attorneys for Xilinx, Inc.* |