IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | ) | |
| BRAZOS LICENSING AND | ) | |
| DEVELOPMENT, | ) | |
| | ) | C.A. No. 20-1228-CFC |
| Plaintiff, | ) | C.A. No. 20-1229-CFC |
| | ) | C.A. No. 20-1231-CFC |
| v. | ) | C.A. No. 20-1232-CFC |
| | ) | C.A. No. 20-1233-CFC |
| XILINX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## WSOU INVESTMENTS, LLC'S OPPOSITION TO XILINX, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404

Dated: January 20, 2021

OF COUNSEL:

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
ThucMinh Nguyen
John W. Downing
Heather S. Kim
Jack Shaw
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
(650) 453-5170

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, NE, Suite 2445
Atlanta, GA 30309

# **TABLE OF CONTENTS**

**Page**

I.    SUMMARY OF ARGUMENT ........................................................1

II.   NATURE AND STAGE OF PROCEEDINGS .............................2

III.  STATEMENT OF RELEVANT FACTS ......................................3

      A.    WSOU ....................................................................................3

      B.    Third Parties .........................................................................3

      C.    Xilinx ....................................................................................4

IV.   LEGAL STANDARD .................................................................6

V.    ARGUMENT .............................................................................9

      A.    The *Jumara* Private Interest Factors Weigh Against Transfer ............9

            1.   WSOU's Forum Choice Is Entitled To A Paramount
                 Consideration And Weighs Against Transfer ...........................9

            2.   Xilinx's Preferred Venue Weighs Against Transfer As
                 Xilinx Filed Two Delaware Cases Seeking The
                 Protection And Conveniences Of This Forum.........................12

            3.   The Location Of The Activities Giving Rise To WSOU's
                 Infringement Claims Is Neutral Because The Claims
                 Arose In Multiple States ............................................13

            4.   The Physical And Financial Convenience Of The Parties
                 Is Neutral Because Xilinx Is A Global Company
                 Incorporated In Delaware With Ample Resources..................15

            5.   The Availability Of Witnesses For Trial Weighs Against
                 Transfer Because There Are Third-Party Witnesses
                 Within This Court's Subpoena Power But None Within
                 The Subpoena Power Of N.D. Cal............................16

            6.   Electronic Discovery Makes Books And Records Readily
                 Available In Any District, Thus This Factor Is Neutral ..........17

B.    The *Jumara* Public Interest Factors Weigh Against Transfer ............18

     1.    The Factor Concerning Enforceability Of Judgment Is Neutral....................................................................18

     2.    The Practical Considerations Weigh Against Transfer ...........19

     3.    Relative Administrative Difficulties Weigh Against Transfer ..........................................................................19

     4.    The Local Interest Factor Is Neutral Because Patent Litigation Is Not A Local Controversy .....................................20

     5.    Delaware Public Policy Encourages Delaware Companies To Resolve Business Disputes In Delaware And Weighs Against Transfer .....................................21

     6.    The Factor Concerning The Judges' Familiarity With State Law Is Inapplicable And Thus Neutral...........................21

C.    Xilinx Failed To Meet Its Heavy Burden Of Showing That The *Jumara* Factors Weigh Strongly In Favor Of Transfer ......................22

VI.    CONCLUSION.............................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Analog Devices, Inc. v. Xilinx, Inc.*,
   C.A. No. 2019-cv-2225-RGA .................................................................6

*Arbor Global Strategies LLC v. Xilinx, Inc. et al.*,
   2020 WL 4673823 (D. Del. Aug. 12, 2020) .....................................6, 11, 12, 14

*Autodesk Can. Co. v. Assimilate, Inc.*,
   2009 WL 3151026 (D. Del. Sep. 29, 2009) .......................................21

*Chase Manhattan Bank, U.S.A., N.A. v. Freedom Card, Inc.*,
   265 F. Supp. 2d 445 ..........................................................................11

*C. R. Bard, Inc. v. Angiodynamics, Inc.*
   156 F. Supp. 3d 540 (D. Del. 2016)...................................................17

*Genentech, Inc. v. Amgen Inc.*,
   C.A. No. 17-14072018, 2018 WL 503253
   (D. Del. Jan. 22, 2018) ..........................................................13, 15, 16

*Globalfoundries U.S. Inc. v. Xilinx, Inc. et al.*,
   C.A. No. 2019-1576-CFC............................................................6

*Globalfoundries U.S. Inc. v. Xilinx, Inc. et al.*,
   C.A. No. 2019-cv-1573-CFC .......................................................6

*Helicos Biosciences Corp. v. Illumina, Inc.*,
   858 F. Supp. 2d 367 (D. Del. 2012)...............................10, 19, 20, 21

*ICU Med., Inc. v. Rymed Techs., Inc.*,
   No. 07-468-JJF, 2008 WL 205307 ..................................................18

*Illumina, Inc. v. Complete Genomics, Inc.*,
   2010 WL 4818083 (D. Del. Nov. 9, 2010).............................7, 19, 22

*Intel v. Broadcom*,
   167 F. Supp. 2d 692 (D. Del. 2001).............................................7, 10

iii

*Intellectual Ventures I LLC v. Altera Corp.*,
  842 F. Supp. 2d 744 (D. Del. 2012)................................................6, 8, 11, 15, 21

*Intellitech Corp. v. Altera Corp., et al.*,
  C.A. No. 2010-cv-645-MMB ................................................................6

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ..........................................................*passim*

*L'Athene, Inc. v. EarthSpring LLC*,
  570 F. Supp. 2d 588 (D. Del. 2008)....................................................7

*LoganTree LP v. Omron Healthcare, Inc.*,
  2019 WL 4538730 (D. Del. Sept. 19, 2019)......................................22

*Magnacross LLC v. GE MDS LLC*,
  2020 WL 6581530 (D. Del. Nov. 10, 2020) .........................................6

*McRo, Inc. v. Activision Blizzard, Inc.*,
  2013 WL 6571618 (D. Del. Dec. 13, 2013) ...................................9, 14

*North Star Innovations Inc. v. Xilinx, Inc.*,
  C.A. No. 2016-cv-773-RGA...............................................................6

*NorthStar Innovations, Inc. v. Xilinx, Inc.*,
  C.A. No. 2016-cv-1182-SLR ..............................................................6

*Papst Licensing GmbH & Co. KG v. Xilinx., Inc.*,
  126 F. Supp. 3d 430 (D. Del. 2015)..................................................14

*Rosebud LMS, Inc. v. Salesforce.com, Inc.*,
  C.A. No. 17-1712-CFC, 2018 WL 6061343 ......................................22

*Sci. Telecomm., LLC v. Adtran, Inc.*,
  2016 WL 1650760 (D. Del. Apr. 25, 2016) ...................................12, 18

*Semcon Tech LLC v. Xilinx Inc.*,
  C.A. No. 2012-cv-691-RGA...............................................................6

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970) ..............................................................7, 9

iv

*Treehouse Avatar LLC v. Valve Corp.*,
170 F. Supp. 3d 706 (D. Del. 2016)................................................................14, 16

*TriStrata Tech., Inc. v. Emulgen Labs, Inc.*,
537 F. Supp. 2d 635 (D. Del. 2008).....................................................................20

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2008) ...........................................................................22

*Versata Software, Inc. v. Callidus Software Inc.*,
944 F. Supp. 2d 357 (D. Del. 2013)......................................................................20

*VLSI Tech. LLC v. Intel Corp.*,
2018 WL 5342650 (D. Del. Oct. 19, 2018) ............................................................9

*Wesley-Jessen Corp. v. Pilkinton Visioncare, Inc.*,
157 F.R.D. 215 (D. Del. 1993) .....................................................................11, 12

*Xilinx Inc. v. Invention Investment Fund I LP et al.*,
C.A. No. 2011-cv-666-LPS ...................................................................6, 12, 13

*Xilinx, Inc., v. LSI Corp, et al.*,
C.A. No. 09-886-MMB, D.I. 3 .............................................................................11

*Xilinx, Inc. v. LSI, Corp., et al.*,
C.A. No., 2009-cv-886-MMB ..................................................................*passim*

*Zoetics, Inc. v. Yahoo!, Inc.*,
No. Civ. A. 06-108-JJF, 2006 WL 1876912 .......................................................11

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................1, 10

Plaintiff WSOU Investments LLC ("WSOU" or "Plaintiff") submits this memorandum of law in support of its opposition to Defendant Xilinx, Inc.'s ("Xilinx") motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a) ("Motion").

## I.      SUMMARY OF ARGUMENT

Xilinx's motion to transfer venue is baseless and must be denied.  First, this Court has already rejected twice Xilinx's attempt to transfer venue to the Northern District of California ("N.D. Cal.") under similar circumstances, where all parties were Delaware corporations with no physical ties to Delaware.  The Court should do the same here.  Second, Xilinx itself has filed two Delaware cases as a plaintiff, seeking the protection and conveniences of Delaware.  Xilinx cannot have it both ways and fundamentally change its position depending on what is convenient to Xilinx.  Third, Xilinx has plainly failed to meet the clear legal standard and demonstrate that there is any unique or unexpected burden from litigating in Delaware on Xilinx, which is a multi-billion-dollar company with ample corporate resources and an extensive worldwide network selling the accused products nationally and globally.

Xilinx cannot ignore the fact that black letter law gives paramount consideration to WSOU's forum choice and that the proper application of the convenience factors enumerated by the Third Circuit weighs against transfer.  Nor

can Xilinx claim that Delaware is inconvenient when it voluntarily chose to incorporate in Delaware and maintain its corporate status here for more than 30 years.

Accordingly, the Motion must be denied.

## II.     NATURE AND STAGE OF PROCEEDINGS

On September 16, 2020, WSOU filed five complaints against Xilinx ("Original Complaints") for direct and indirect patent infringement of U.S. Patent Nos. 6,784,653 ("the '653 Patent"), 7,068,950 ("the '950 Patent"), 7,613,938 ("the '938 Patent"), 7,903,971 ("the '971 Patent"), and 9,312,838 ("the '838 Patent") (collectively, "Patents-In-Suit") in the above-captioned actions.  On November 9, 2020, Xilinx moved to dismiss the indirect infringement counts in the Original Complaints.

On November 23, 2020, WSOU filed amended complaints[1] ("Amended Complaints") including additional factual allegations.

On December 7, 2020, Xilinx filed nearly identical motions to dismiss the Amended Complaints.  On December 21, 2020, WSOU opposed Xilinx's motions to dismiss the Amended Complaints, which are currently pending before the Court.

On December 23, 2020, Xilinx filed the Motion.

---

[1] D.I. 11 in C.A. No. 20-1228-CFC, C.A. No. 20-1229-CFC, C.A. No. 20-1231-CFC, and C.A. No. 20-1232-CFC; and D.I. 10 in C.A. No. 20-1233-CFC.

## III.   STATEMENT OF RELEVANT FACTS

### A.   WSOU

WSOU is a limited liability company, which was incorporated in Delaware on July 25, 2017.  Declaration of Stuart Shanus ("Shanus Decl."), ¶ 3; Ex. 1. [2] WSOU's principal place of business is located at 605 Austin Avenue, Suite 6, Waco, Texas 76701.  *Id.*  WSOU is the assignee of all right, title, and interest in the Patents-In-Suit.  *Id.* at ¶ 4.  WSOU does not maintain any offices, facilities, or employees in the Northern District of California.  *Id.* at ¶ 7.  WSOU's witnesses most knowledgeable about its licensing practices are Stuart Shanus and Craig Etchegoyen, both of whom are willing to appear for trial in Wilmington, Delaware. *Id.* at ¶ 6.

### B.   Third Parties

The sole inventor of the '950 Patent, Jeffrey H. Sinsky, is located in Marlboro, New Jersey, which is within the subpoena power of this Court.  Exs. 2-4.  Similarly, the prosecuting attorneys of the '950 Patent, Steve Mendelsohn and Yuri Gruzdkov, are located in Philadelphia, Pennsylvania, which is also within the subpoena power of this Court.  Exs. 5-7.

---

[2] "Ex. ___ " refers to the Exhibits to the Declaration of Jonathan K. Waldrop ("Waldrop Decl.") filed concurrently herewith.

The prosecuting attorney for the '653 Patent, David Cushing, is located in Washington, D.C., approximately 110 miles from this Court.  Exs. 8-10.

The prosecuting attorneys for the '971 Patent, Gary D. Yacura, John A. Castellano, and Donald J. Daley, are located in Reston, Virginia, approximately 126 miles from this Court.  Exs. 11-15.  And the prosecuting attorney for the '971 Patent, Terry L. Clark, is located in Washington, D.C., approximately 110 miles from this Court.  Exs. 16-17.

The current and former employees of the original assignees of the Patents-In-Suit, Lucent Technologies, Inc. and Alcatel-Lucent USA, Inc. (including Alcatel-Lucent's Senior Director of Patent Creation for the '971 and '838 Patents, Gregory J. Muria), are located in Murray Hill, New Jersey, approximately 125 miles from this Court.  Exs. 18-21.

### C.    Xilinx

Xilinx was incorporated in Delaware on February 5, 1990.  Ex. 22.

According to Xilinx's latest Form 10-K, Xilinx is a global company that designs and develops programmable devices and associated technologies, and reported $3.2 billion of net revenue for the fiscal year ended March 28, 2020, and $3.1 billion for the prior fiscal year ended March 30, 2019.  Ex. 23 at 3, 31.

Xilinx has 40 subsidiaries and 4,891 employees around the world, including in the United States, Europe, and Asia.  Ex. 23 at 14.  Four of Xilinx's subsidiaries

are incorporated in Delaware:  Level 5 Networks Inc., Midgard Acquisition LLC, NGCodec Inc., and Solarflare Communications, Inc.  Ex. 23 at Exhibit 21.1.

Although Xilinx asserts that its principal place of business is in N.D. Cal., Xilinx's Form 10-K shows that Xilinx operates through its subsidiaries around the world and distributes its products nationally and globally.[3]  Ex. 23 at 3, 11-12. Xilinx's Form 10-K also explicitly states that Xilinx sell its "products and services through independent domestic and foreign distributors and through direct sales to original equipment manufacturers (OEMs) and electronic manufacturing service providers (EMS)."  Ex. 23 at 3.

Significantly, Xilinx does not assert that its products are not used in Delaware or that its national independent distributors have not sold any products in Delaware.  *See* Motion.  Instead, Xilinx only vaguely and generally states that "Xilinx has no record of any sales of its products into Delaware."  Declaration of Xin Wu in Support of Xilinx Inc.'s Motion to Transfer ("Wu Declaration"), D.I. 18.

To date, Xilinx has been involved in 23 Delaware cases.  Ex. 25.  Xilinx, as a plaintiff, filed two of those cases and opposed a motion to transfer in one of them seeking the protection and conveniences of the Delaware forum.  *See Xilinx, Inc. v.*

---

[3] For example, Xilinx's website identifies Avnet Inc. as a global distributor of Xilinx's products.  Ex. 24.

*LSI Corp., et al.*, C.A. No. 2009-cv-886-MMB; *Xilinx Inc. v. Invention Investment Fund I LP, et al.*, C.A. No. 2011-cv-666-LPS.  Further, Xilinx did not move to transfer venue in eight of the 23 referenced cases or otherwise argue that Delaware is not a convenient forum.[4]

This Court has previously rejected Xilinx's attempt to transfer venue to N.D. Cal. in two other cases under circumstances similar to this case.  *See Arbor Glob. Strategies LLC v. Xilinx, Inc., et al.*, 2020 WL 4673832 (D. Del. Aug. 12, 2020) (denying Xilinx's motion to transfer venue where both parties were Delaware corporations with no physical ties to Delaware); *Intellectual Ventures I LLC v. Altera Corp*., 842 F. Supp. 2d 744 (D. Del. 2012) (same).

## IV.   LEGAL STANDARD

It is well settled that "plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  A plaintiff, as the injured party, has been "accorded [the] privilege of bringing an action where he chooses." *Magnacross LLC v. GE MDS LLC*, C.A. No. 20-964-MN, 2020 WL 6581530, at *2 (D. Del. Nov. 10, 2020) (quoting *Helicos*

---

[4] *See Analog Devices, Inc. v. Xilinx, Inc.*, C.A. No. 2019-cv-2225-RGA; *Intellitech Corp. v. Altera Corp., et al*., C.A. No. 2010-cv-645-MMB; *Semcon Tech LLC v. Xilinx, Inc.*, C.A. No. 2012-cv-691-RGA; *North Star Innovations Inc. v. Xilinx, Inc.*, C.A. No. 2016-cv-773-RGA; *North Star Innovations, Inc. v. Xilinx, Inc.*, C.A. No. 2016-cv-1182-SLR; *Globalfoundries U.S. Inc. v. Xilinx, Inc., et al.*, C.A. No. 2019-cv-1573-CFC; *Globalfoundries U.S. Inc. v. Xilinx, Inc., et al.*, C.A. No. 2019-cv-1576-CFC.

*Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 371 (D. Del. 2012)).  As

such, "a transfer is not to be liberally granted." *Shutte v. Armco Steel Corp*., 431

F.2d 22, 25 (3d Cir. 1970) (emphasis added).

       The party seeking a transfer carries the burden "to establish that a balancing

of proper interests weighs in favor of the transfer." *Id.* at 25.  "That burden is a

heavy one:  'unless the balance of convenience of the parties is strongly in favor of

defendant, the plaintiffs' choice of forum should prevail.'" *Id.*  Consequently,

"transfer will be denied if the factors are evenly balanced or weigh slightly in favor

of transfer." *Illumina, Inc. v. Complete Genomics, Inc.*, C.A. No. 10-649-RFK,

2010 WL 4818083, at *2 (D. Del. Nov. 9, 2010).

       When transfer is sought by a defendant with operations on a national or

international scale, that defendant "must prove that litigating in Delaware would

pose a unique or unusual burden on [its] operations." *L'Athene, Inc. v.

EarthSpring LLC*, 570 F. Supp. 2d 588, 592 (D. Del. 2008); *Intel v. Broadcom*, 167

F. Supp. 2d 692, 706 (D. Del. 2001) (although defendant did not have offices or

assets in Delaware and was not even licensed to do business there, the court denied

transfer because defendant was a multi-billion-dollar company doing business on

an international scale).  Unless the defendant is "truly regional in character" and

operates in a limited territory that does not include Delaware, transfer should be

denied.  *Intellectual Ventures*, 842 F. Supp. at 751 (denying Xilinx's motion to transfer venue to N.D. Cal.).

When deciding a motion to transfer, the Court must analyze "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.  The Third Circuit has identified a set of private and public interest factors for courts to consider "on an individualized, case-by-case basis" to determine whether transfer is warranted.  *See id*.

The private interest factors include:  (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).  *See Id*. at 879-80.

The public interest factors include:  (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious and inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5)

the public policies of the fora; and (6) the familiarity of the trial judge with the

applicable state law in diversity cases.  *Id.*

As demonstrated below, both the private and public factors weigh against

transfer.

## V.    ARGUMENT

### A.    The *Jumara* Private Interest Factors Weigh Against Transfer

#### 1.    WSOU's Forum Choice Is Entitled To A Paramount Consideration And Weighs Against Transfer

"It is black letter law that a plaintiff's choice of proper forum is a paramount

consideration in any determination of a transfer request."  *Shutte*, 431 F.2d at 25

(emphasis added); *see also VLSI Tech. LLC v. Intel Corp.*, 2018 WL 5342650, at

*6 (D. Del. Oct. 19, 2018) (giving plaintiff's forum choice paramount

consideration in balancing the *Jumara* factors where plaintiff was a Delaware

corporation).

Xilinx incorrectly argues that WSOU's forum preference should be given

reduced weight because WSOU has no offices in Delaware and its place of

business is in Texas.  (Motion at 8.)  This Court has rejected Xilinx's argument.

*McRo, Inc. v. Activision Blizzard, Inc.*, C.A. No. 12-1508-LPS-CJB, 2013 WL

6571618, at *3 n.8 (D. Del. Dec. 13, 2013), *adopted by* No. CV 12-1508-LPS-CJB,

2013 WL 6869866 (D. Del. Dec. 30, 2013) (the issue of whether a plaintiff's place

of business or "home turf" is in another state has no independent significance regarding the standard used in the *Jumara* balance of convenience analysis).

Indeed, this Court has recognized that it is rational for a plaintiff to choose to litigate in Delaware as the place of its incorporation because Delaware has an interest in protecting the rights of its citizens, which is exactly what WSOU has done here. *See Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 706 (D. Del. 2001) (holding that "the 'home turf' rule does not create irrebuttable presumptions for or against a transfer pursuant to § 1404(a), and it does not alter a defendant's burden of proof to show that such a transfer is warranted").

Xilinx is grasping at straws arguing that WSOU does not have a strong preference to litigate in Delaware because WSOU has filed other patent infringement cases in the Western District of Texas and the Eastern District of Virginia. (Motion at 9-10.) This argument makes no sense. WSOU has the right to decide where to file its own cases. *See Helicos*, 858 F. Supp. 2d at 371. Further, this issue has no impact on the transfer analysis, as evidenced by Xilinx's failure to cite any supporting authority for its argument.

Notably, Xilinx took a contrary position as a plaintiff in another Delaware case when opposing a motion to transfer, and argued at length that, if all parties are Delaware corporations, the case should be litigated in Delaware:

> In fact, Delaware is a more appropriate forum than New York. All of the parties are Delaware corporations, and

> Delaware has an interest in adjudicating cases involving corporations which have availed themselves of the protection of Delaware's laws. *See Chase Manhattan Bank, U.S.A., N.A. v. Freedom Card, Inc.*, 265 F. Supp. 2d 445, 451 (D. Del. 2003) ("[T]his forum's interest extends to these corporate citizens that have sought the protection of Delaware's laws." (quoting *Motorola, Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 356 (D. Del. 1999)). And, because both Defendants are Delaware corporations, they should not be inconvenienced by litigating in Delaware. *See, e.g.*, *Wesley-Jessen Corp. v. Pilkinton Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993) ("Absent some showing of a unique or unexpected burden, [Delaware] corporations should not be successful in arguing that litigation in their state of incorporation is inconvenient."); *see also Zoetics, Inc. v. Yahoo!, Inc.*, No. Civ. A. 06-108-JJF, 2006 WL 1876912, at *5 (D. Del. July 6, 2006) ("a defendant's incorporation in the chosen forum is a rational and legitimate reason for choosing the forum that cannot be disregarded.") (internal citations omitted).

Ex. 26 [*Xilinx, Inc. v. LSI Corp, et al.*, C.A. No. 2009-cv-886-MMB, D.I. 3] at 10.

Xilinx's analysis in the *LSI* case is the exact opposite of what Xilinx is arguing here. Xilinx cannot have it both ways and should not be allowed to fundamentally change its position depending on what is convenient to Xilinx.

More importantly, this Court has previously rejected Xilinx's attempt to downplay this factor by denying Xilinx's motions to transfer venue in *Arbor* and *Intellectual Ventures* (where all parties were Delaware companies) and finding that the plaintiffs' choice of Delaware as a litigation forum was entitled to paramount consideration. *Arbor*, 2020 WL 4673832, at *2; *Intellectual Ventures*, 842 F.

Supp. 2d at 754.

Accordingly, this factor weighs against transfer.

**2.     Xilinx's Preferred Venue Weighs Against Transfer As Xilinx Filed Two Delaware Cases Seeking The Protection And Conveniences Of This Forum**

Xilinx's choice to incorporate in Delaware reflects its recognition that Delaware is an appropriate jurisdiction for resolution of commercial disputes through litigation.  *Sci. Telecomm., LLC v. Adtran, Inc.*, C.A. No. 15-647-SLR, 2016 WL 1650760, at *1 (D. Del. Apr. 25, 2016).  As Xilinx argued when opposing the motion to transfer in the *LSI* case:  "[a]bsent some showing of a unique or unexpected burden, [Delaware] corporations should not be successful in arguing that litigation in their state of incorporation is inconvenient."  Ex. 26*; see also Wesley-Jessen Corp. v. Pilkinton Visioncare, Inc.* 157 F.R.D. 215, 218 (D. Del. 1993); *Sci. Telecomm.,* 2016 WL 1650760, at *1.

Here, Xilinx only asserts that the case should be transferred because Xilinx's employees and records are in N.D. Cal.  (Motion at 10.)  This is not the standard.  As a Delaware corporation, Xilinx has plainly failed to present any evidence that litigating this case in Delaware imposes a unique or unexpected burden on Xilinx.

Importantly, Xilinx has filed two cases as a plaintiff in Delaware seeking the protection of this forum.  *See Xilinx, Inc. v. LSI Corp., et al.*, C.A. No. 2009-cv-886-MMB; *Xilinx, Inc. v. Invention Investment Fund I LP, et al.*, C.A. No. 2011-

cv-666-LPS. And, despite complaining about the inconvenience of this forum here, it is telling that Xilinx did not even move to transfer venue in eight Delaware cases filed against it. Ex. 25. If litigating in Delaware actually imposed a burden on Xilinx, it would have moved to transfer *every* case against it in Delaware, and Xilinx would not have chosen to file two of its own cases here.

Accordingly, this factor weighs against transfer.

### 3. The Location Of The Activities Giving Rise To WSOU's Infringement Claims Is Neutral Because The Claims Arose In Multiple States

The next *Jumara* factor asks "whether the claim arose elsewhere." *Jumara*, 55 F. 3d at 879. This Court has found that when the defendant operates on a national or global scale, as Xilinx does here, this factor is neutral. *See Genentech, Inc. v. Amgen Inc.*, C.A. No. 17-1407-GMS, 2018 WL 503253, at *4 (D. Del. Jan. 22, 2018).

Xilinx, however, argues that because Xilinx conducts the research, design and development of the accused products in the N.D. Cal., the alleged infringing activities would have occurred there, not in Delaware. (Motion at 11-13.) Xilinx is wrong. As a matter of law, a claim regarding patent infringement arises "whenever someone has committed acts of infringement, to wit, 'makes, uses,

offers to sell, or sells any patented invention' without authority." *McRo, Inc.*, 2013 WL 6571618, at *5 (internal quotation marks and citations omitted).[5]

Because Xilinx is a global company with a worldwide distribution network, and sells and offers to sell its infringing products nationally in all states, the claims at issue may arise in all states, including Delaware.  *See Treehouse Avatar LLC v. Valve Corp.*, 170 F. Supp. 3d 706, 710 (D. Del. 2016); *see also Arbor*, 2020 WL 4673832, at *2 (denying motion to transfer where "Defendant did not assert that the accused products were not used or sold in this District").

As in *Arbor*, here, Xilinx does not assert that Xilinx's products are not used in Delaware or that Xilinx's national independent distributors have not sold any products in Delaware.  Motion *generally*.  Instead, Xilinx only vaguely and generally states that "Xilinx has no record of any sales of its products into Delaware."  (Wu Declaration at ¶ 9.)  Moreover, at such an early stage, this factual issue cannot be determined without the benefit of fulsome discovery.

Accordingly, this factor is neutral.

_____

[5] Xilinx cites to *Papst Licensing GmbH & Co. KG v. Xilinx., Inc.*, 126 F. Supp. 3d 430 (D. Del. 2015), where the court granted Xilinx's motion to transfer, for the proposition that the allegedly infringing acts by Xilinx had a stronger connection to N.D. Cal. than to Delaware.  However, *Papst* is distinguishable because, in that case, the plaintiff was a German corporation, not a Delaware corporation (like here), and the Court did not confer a paramount consideration to the plaintiff's choice of forum.  *See Papst*, 126 F. Supp. 3d at 430.

**4.  The Physical And Financial Convenience Of The Parties Is Neutral Because Xilinx Is A Global Company Incorporated In Delaware With Ample Resources**

The next factor to be considered is "the convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F. 3d at 879.  In evaluating this factor, the Court should consider the parties' physical location and relative ability to bear litigation cost. *Genentech*, 2018 WL 503253, at *4.

This Court has held that "it is reasonable to conclude that litigating in Delaware will not impose an undue financial burden [on a company] with global reach and annual revenues in the billions." *Id.* (citing C.A. No. 14-1131-GMS, *Bristol-Myers Squibb Co. v. Merck & Co.*, 2014 WL 12531129, at *1 n.1 (D. Del. Apr. 29, 2014).  Thus, "absent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *Intellectual Ventures*, 842 F. Supp. 2d at 756.

Notably, in the *LSI* case, Xilinx followed this Court's established precedent, and argued that litigating in Delaware does not impose undue financial burden on defendants with nationwide and international operations.  Ex. 26 at 11 ("Defendants are sophisticated corporations with nationwide and international operations.  Proceeding in Delaware will impose no undue financial burden on Defendants.").

Xilinx's argument in *LSI* applies with full force here.  Xilinx is a global, multi-billion-dollar company with approximately 5,000 employees, ample corporate resources and worldwide presence.  Ex. 23 at 3, 14, 31.  Therefore, Xilinx cannot credibly argue that it could not easily bear any financial costs associated with litigating in Delaware.  In its Motion, Xilinx fails to argue otherwise.

Furthermore, since the depositions of Xilinx's witnesses will take place where they reside, the location of Xilinx's employees in California as a convenience factor is irrelevant.  *See Treehouse*, 170 F. Supp. 3d at 712 n.9.

Accordingly, this factor is neutral.

> **5.    The Availability Of Witnesses For Trial Weighs Against Transfer Because There Are Third-Party Witnesses Within This Court's Subpoena Power But None Within The Subpoena Power Of N.D. Cal.**

The next factor is "the convenience of the witnesses – but to the extent that the witnesses may actually be unavailable for trial in one of the fora."  *Jumara*, 55 F. 3d at 879.  This factor only applies to witnesses who will refuse to testify absent a subpoena.  *Genentech*, 2018 WL 503253, at *4.  "In addition, 'witnesses who are employed by a party carry no weight,' because 'each party is able, indeed, obligated to procure the attendance of its own employees for trial.'"  *Id.* (citation omitted).

16

Here, Xilinx asserts that, except for the named inventors in the Patents-In-Suit, Xilinx is not aware of any other non-party witnesses.  (Motion at 15.)  Xilinx also recognizes that the inventors would be available for trial (*id.* at 16), but asserts that, because the inventors are located outside of Delaware and N.D. Cal., then Delaware would be equally convenient or inconvenient.  *Id.* at 15-16.

However, the standard is not convenience but availability.  *See C. R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F. Supp. 3d 540, 546 (D. Del. 2016).

Xilinx has failed to show that any witnesses would be unavailable to testify in Delaware.  More importantly, there are at least three third-party witnesses (the sole inventor and both prosecuting attorneys of the '950 Patent) who are subject to this Court's subpoena power, while there is none that would be subject to the subpoena power of N.D. Cal.  Waldrop Decl. at ¶¶ 3-8, Exs. 2-7.

Accordingly, this factor weighs against transfer.

### 6.    Electronic Discovery Makes Books And Records Readily Available In Any District, Thus This Factor Is Neutral

The next factor the Court should consider is the "location of books and records (similarly limited to the extent that the files could not be produced in [Delaware])."  *Jumara*, 55 F.3d at 879.

This Court has recognized that "virtually all businesses maintain their books and records in electronic format readily available for review and use at any location."  *C. R. Bard*, 156 F. Supp. 3d at 546.  To the extent records are kept in

hard copy, it would be the plaintiff's burden to travel for an inspection and pay for copies.  *See Sci. Telecomm.*, 2016 WL 1650760, at *1.

Here, Xilinx asserts that its relevant records are located in N.D. Cal. but fails to show that those documents cannot be made available in Delaware.  (Motion at 16.)

To the contrary, in the past, Xilinx has taken the clear position that the forum location has no impact on document production or access:

> The location of documents and other sources of proof do not favor the Southern District of New York.  In the age of electronic discovery, the ultimate location of trial will have no impact on document production or access to other sources of proof.  *See e.g., ICU Med., Inc. v. Rymed Techs., Inc.*, No. 07-468-JJF, 2008 WL 205307, at *3 (D. Del. Jan. 23, 2008)….

Ex. 26 at 11.

Xilinx should not be allowed to turn 180 degrees on this issue simply because the contrary argument is beneficial to Xilinx in the instant case.

Accordingly, this factor is neutral.

### B.    The *Jumara* Public Interest Factors Weigh Against Transfer

#### 1.    The Factor Concerning Enforceability Of Judgment Is Neutral

Xilinx has not demonstrated that a judgment would be unenforceable in Delaware.  Accordingly, this factor is neutral.

## 2.      The Practical Considerations Weigh Against Transfer

The "practical considerations that could make the trial easy, expeditious, inexpensive" weigh against transfer. *Jumara*, 55 F.3d. at 879. Delaware is a more time-efficient and inexpensive forum than N.D. Cal., especially since Xilinx has already filed two 12(b)(6) motions. While the pending 12(b)(6) motion may be transferred if venue is transferred, the court may require supplemental briefing to address any applicable California law. The transfer thus may result in increased costs and a waste of judicial resources.

Xilinx misleadingly cites to *Illumina Inc. v. Complete Genomics, Inc*., 2010 WL 4818083, at *6 (D. Del. Nov. 9, 2010), for the proposition that the practical consideration factor supports transfer under the present circumstances as Xilinx's principal place of business and witnesses are in California. In *Illumina*, the court reached its conclusion on the practical consideration factor only because <u>both</u> parties operated their businesses in California, which is clearly not the case here. *Illumina*, 2010 WL 4818083, at *6.

Accordingly, this factor weighs against transfer.

## 3.      Relative Administrative Difficulties Weigh Against Transfer

The next public factor that the Court should consider is the "relative difficulty in the two fora resulting from court congestion." *Jumara*, 55 F.3d at 879.

In its Motion, Xilinx simply concludes that this factor is neutral without providing any supporting evidence.  However, the statistics show that, as of June 30, 2020, Delaware has 611 pending actions per judgeship while N.D. Cal. has 870 such actions.  Ex. 27.  Further, the median time from filing to disposition in Delaware is 5.7 months, while in N.D. Cal., that time is 10.1 months.  Ex. 27.

Accordingly, this factor weighs against transfer.

### 4.   The Local Interest Factor Is Neutral Because Patent Litigation Is Not A Local Controversy

In patent litigation, the local interest factor is typically neutral, "because patent issues do not give rise to a local controversy or implicate local interests." *TriStrata Tech., Inc. v. Emulgen Labs, Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008).

Here, Xilinx's worldwide distribution network of infringing products involves national and global interests and thus weighs against transfer or is neutral at best.  *Versata Software, Inc. v. Callidus Software Inc.*, 944 F. Supp. 2d 357, 361 (D. Del. 2013) (denying motion to transfer where local interest did not favor transfer given that defendant sold its product throughout the United States).

Xilinx argues that, although the local interest factor is typically neutral, this should not be the case here because WSOU has sued Delaware companies outside of Delaware.  (Motion at 19.)  This argument makes no sense.  First, this Court has explicitly held that patent rights are national in scope.  *See Helicos*, 858 F. Supp.

20

2d at 375.  And second, Xilinx has failed to show otherwise or provide any

supporting authority.  Moreover, Delaware has the strongest interest in

adjudicating disputes among its corporate citizens.  *Autodesk Can. Co. v.*

*Assimilate, Inc*., C.A. No. 08-587-SLR-LPS, 2009 WL 3151026, at *9 (D. Del.

Sept. 29, 2009).

Accordingly, this factor is neutral.

> **5.     Delaware Public Policy Encourages Delaware Companies To Resolve Business Disputes In Delaware And Weighs Against Transfer**

"The public policy of Delaware encourages the use by Delaware

corporations [like the parties here] of Delaware as a forum for resolution of

business disputes."  *Intellectual Ventures*, 842 F. Supp. 2d at 760.  However,

Xilinx disregards this fundamental principle and concludes that the public policy

factor is neutral or slightly in favor of Xilinx because WSOU has sued Delaware

companies outside of Delaware contrary to the public policy of encouraging

dispute resolution in Delaware.  (Motion at 20.)  Xilinx's conclusion is nonsensical

and unsupported.

Accordingly, this factor weighs against transfer.

> **6.     The Factor Concerning The Judges' Familiarity With State Law Is Inapplicable And Thus Neutral**

This is a patent case, and not a diversity case requiring the application of

state law.  The patent claims here are governed by federal law, which all district

judges are capable of applying. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) Accordingly, this factor is neutral.

### C.   Xilinx Failed To Meet Its Heavy Burden Of Showing That The *Jumara* Factors Weigh Strongly In Favor Of Transfer

A balancing of the twelve *Jumara* factors demonstrates that this case should not be transferred to N.D. Cal. As detailed above, six factors weigh against transfer, six factors are neutral, and <u>zero</u> factors favor transfer.

Because Xilinx failed to meet its heavy burden of establishing that the *Jumara* factors weigh strongly in favor of transfer, the Motion must be denied. *See Illumina*, 2010 WL 4818083, at *2 ("transfer will be denied if the factors are evenly balanced or weigh slightly in favor of transfer."). *See also Rosebud LMS, Inc. v. Salesforce.com, Inc.*, C.A. No. 17-1712-CFC, 2018 WL 6061343, at *7 (D. Del. Nov. 20, 2018) (denying transfer where three factors weigh against transfer, four factors are neutral, and five factors weigh in favor of transfer); *LoganTree LP v. Omron Healthcare, Inc.*, C.A. No. 18-1617-MN, 2019 WL 4538730, at *8 (D. Del. Sept. 19, 2019) (denying transfer where three factors weigh against transfer, seven factors are neutral, and two factors weigh in favor of transfer).

## VI.   CONCLUSION

For the foregoing reasons, WSOU respectfully requests that this Court deny Xilinx's motion to transfer venue to N.D. Cal.

Dated:  January 20, 2021

OF COUNSEL:

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
ThucMinh Nguyen
John W. Downing
Heather S. Kim
Jack Shaw
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
(650) 453-5170

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, NE, Suite 2445
Atlanta, GA 30309

Respectfully submitted,

DEVLIN LAW FIRM LLC

By: */s/ James M. Lennon*
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

**<u>WORD COUNT CERTIFICATION</u>**

The undersigned counsel hereby certifies that WSOU Investments, LLC's Opposition to Xilinx, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 contains 4991 words, which were counted by James M. Lennon by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The foregoing word count does not include the cover page, tables of contents or authorities, or the counsel blocks.

Dated: January 20, 2021          */s/ James M. Lennon*
                                 James M. Lennon (No. 4570)

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on January 20, 2021, via the Court's CM/ECF system.

                                 */s/ James M. Lennon*
                                 James M. Lennon (No. 4570)